UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ELIJAH BURKS,                       :    1:19-cv-16331-NLH
                                    :
            Petitioner,             :    **OPINION**
                                    :
      v.                            :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____ :

**APPEARANCES**:

Elijah Burks, 63232-050
FCI Bennettsville
PO Box 52020
Bennettsville, South Carolina 29512
      *Petitioner pro se*

Diana Vondra Carrig, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
      *On behalf of Respondent*

**HILLMAN, District Judge**

　　This matter comes before the Court on Petitioner Elijah Burks's motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. On February 2, 2011, Petitioner was charged by criminal complaint with knowingly possessing a firearm after having been convicted of a crime in the Superior Court of New Jersey, Camden County, punishable by imprisonment for a term exceeding one year and constituting a violent felony in violation of 18 U.S.C. §§ 922(g)(1) and (2).

United States v. Burks, No. 11-cr-627-NLH, ECF No. 1 (D.N.J. February 2, 2011). On September 20, 2011, Petitioner entered into a plea agreement with the Government. United States v. Burks, No. 11-cr-627-NLH, ECF No. 17 (D.N.J. September 20, 2011). In relevant part, Petitioner agreed that in exchange for his plea of guilty to a one-count information, the Government would forego charging any additional crimes associated with "his unlawful possession [of the specified firearm and ammunition] on July 6, 2010, in Camden, New Jersey." See id. at 1.

As for sentencing, the plea agreement explains that the offense to which Petitioner would plead guilty carried a statutory maximum sentence of ten years. Id. at 2. Petitioner acknowledged that the length of his actual sentence was an issue to be decided by the Court:

> The sentence to be imposed upon Elijah Burks is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Elijah Burks ultimately will receive.

Id. at 2.

Under separate heading – "Waiver of Appeal and Post-Sentencing Rights" - within the plea agreement, the parties

agreed "[a]s set forth in Schedule A" to "waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." Id. at 3. Schedule A, an addendum to the plea agreement, specified that:

> This Office and Elijah Burks agree to stipulate to the following facts:
>
> a. On July 6, 2010, in Camden, New Jersey, Elijah Burks possessed a Springfield Armory pistol, model XD-9 Sub-Compact, caliber 9mm Luger, serial number US931059, and 16 round high-capacity magazine marked "XD Gear."
>
> b. Prior to July 6, 2010, Elijah Burks was convicted of at least two felony convictions for either a crime of violence or controlled substance offenses in the New Jersey Superior Court.
>
> c. Elijah Burks has accepted responsibility for his offense.

Id. at 6.  Schedule A further stated that "[i]f the sentencing court accepts a factual stipulation set forth above [i.e. in sections a-c], both parties waive the right to file an appeal, collateral attack, or motion claiming that the sentencing court erred in doing so." Id. at 6.

Petitioner acknowledged in writing that he received the plea agreement from his counsel, and that he read it, understood it, and discussed it with his attorney, including those portions "addressing the charge, sentencing, stipulations, [and] waiver[.]" Id. at 5.  Petitioner further acknowledged that he understood the plea agreement "fully" and "accept[s] the terms

3

and conditions set forth in th[e] letter and acknowledge[s] that it constitutes the plea agreement between the parties." Id.

In a subsequently filed Application for Permission to Enter Plea of Guilty, Petitioner acknowledged again that his "lawyer has explained, and [he] underst[oo]d, that only the judge may decide what punishment [he] shall receive" and that "the sentence to be imposed upon [him] is within the sole discretion of the sentencing judge." ECF No. 16 at ¶ 24.  Petitioner also recognized that he "will have no right to withdraw [his] plea on the grounds that anyone's prediction as to the Guidelines range or expectation of sentence proves inaccurate." Id. at ¶ 33.

Petitioner confirmed that the plea agreement contained additional stipulations, namely that:

> The plea agreement contains stipulations regarding certain facts.  I understand that if the sentencing court accepts a factual stipulation set forth in the plea agreement, both I and the government have waived the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Id. at ¶ 39.

On September 20, 2011, this Court held a plea hearing with Petitioner present. United States v. Burks, No. 11-cr-627-NLH, ECF No. 15 (D.N.J. September 20, 2011).  Under oath, Petitioner entered a plea of guilty to a one-count Information of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See id.  The terms of the plea agreement

4

were read into the record. See id.  The Court ordered the plea agreement approved and the plea accepted. See id.  On April 27, 2012, this Court sentenced Defendant to 108 months' imprisonment and three years of supervised release. United States v. Burks, No. 11-cr-627-NLH, ECF No. 23 (D.N.J. April 27, 2012).

On January 29, 2020, Petitioner filed a Second Amended Petition, arguing that his guilty plea must be vacated in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. \_\_\_\_, 138 S. Ct. 2191 (2019).  Petitioner now contends that he "did not knowingly possess a culpable mental state and was never informed formally of his status as one who was barred from exercising his 2nd Amendment right."

I.  Legal Standard: 28 U.S.C. § 2255

28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). See generally U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013), cert. denied, 570 U.S. 927 (2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing entitlement to § 2255 relief. See United States v. Davies, 394

F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152 (1982).

This Court recognizes it has a duty to construe pro se pleadings liberally. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

II. Analysis

Petitioner argues that his guilty plea must be vacated in light of the Supreme Court's decision in Rehaif, because he was allegedly never informed that the statute under which he was charged, 18 U.S.C. § 922(g)(1), required that the defendant know that he "belonged to the relevant category of persons barred from possessing a firearm", 139 S. Ct. at 2200, and because he did not have such knowledge.

The Government argues that Petitioner's claim is procedurally defaulted by his failure to bring it during the pendency of the case or upon direct appeal, and that the Court may not reach the merits absent his establishing either "cause and prejudice" or "actual innocence."  It further argues that Petitioner cannot establish he was not given ample opportunity to assert the issue, and that Petitioner cannot establish

6

prejudice or actual innocence due to his multiple prior felonies and resulting terms of imprisonment exceeding a year.

Petitioner argues in reply, inter alia, that Rehaif was a "novelty" decision and thus adequate cause for not having raised the issue previously.

The Court begins by affirming that Petitioner procedurally defaulted on his claim by failing to raise the argument that he did not know he was in a class barred from possession of firearms at trial or on direct appeal. See, e.g., United States v. Murphy, No. 1:13-cr-060, 2020 WL 1891791, at *2 (M.D. Pa., April 16, 2020) (citing Cooper v. United States, No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) ("finding that the defendant procedurally defaulted on his Rehaif claim by failing to raise it on his direct review")).

Petitioner acknowledges as much in making his "novelty" argument for cause. The Supreme Court has held that a defendant has cause for failure to raise a claim "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" Reed v. Ross, 468 U.S. 1, 16 (1984). But it has also "clearly stated . . . [that] 'futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Engle v. Isaac, 456 U.S. 107, 130 (1982)).

7

"[T]he issue decided in Rehaif was not so novel that its legal basis was not reasonably available" to defendants, including Petitioner, in the years prior to the Supreme Court's decision. Murphy, 2020 WL 1891791, at *2.  Indeed, "'[t]he issue decided in Rehaif was percolating in the courts for years[.]'" Id. (quoting United States v. Bryant, No. 11-cr-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (listing cases)). Petitioner's failure to raise the argument that he did not know he was allowed to possess a firearm is not excused by the fact that he did not have a Supreme Court precedent upon which to rely.

Moreover, Petitioner has not shown he was prejudiced by any failure to inform him of the "knowing" element of § 922(g)(1). The record makes clear that he was in fact not prejudiced.  To establish prejudice in pursuing post-conviction relief, Petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." Lee v. United States, 137 S. Ct. 1958, 1964 (2017). He has the burden of "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis added).  In a plea context, he "must show that there is a reasonable probability

8

that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (emphasis added).

Title 18 U.S.C. § 922(g)(1) criminalizes possession of firearms by "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." The Supreme Court's decision in Rehaif required that a defendant know that he belonged to this category of people. See Rehaif, 139 S. Ct. at 2200. It did not, however, create an "ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." Guerrero v. Quay, Civ. No. 20-39, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting United States v. Bowens, 938 F.3d 790, 797 (6h Cir. 2019)). Rather, the government must prove that the defendant knew that he had a prior conviction which was punishable by at least one year's imprisonment. The Supreme Court did not consider this obligation on the part of the government to be "burdensome", as such knowledge "can be inferred from circumstantial evidence". Rehaif, 139 S. Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615, n.11 (1994)).

In this case, Petitioner had previously been convicted of three felony offenses in New Jersey state court, and had received two separate multi-year sentences: four years for

distribution of a controlled deadly substance, and five years for possession with intent to distribute a controlled deadly substance. This is a far cry from the scenario envisioned in Rehaif, where the Supreme Court posited that "these provisions might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year.'" Rehaif, 139 S. Ct. at 2198.

Petitioner's prior convictions weigh against the likelihood that Petitioner would not have pled guilty if he had been aware of the "knowing" element. Further, those convictions support the assessment that the Government would have been able to prove that element beyond a reasonable doubt at trial, even under the terms of Rehaif. Petitioner has failed to demonstrate prejudice or actual innocence requiring post-conviction relief.

### III. Conclusion

For the above-mentioned reasons, the Court holds that the Petitioner is procedurally barred from bringing his § 2255 challenge because of failure to raise the argument during trial or on direct appeal. The Court further holds that Petitioner has failed to excuse this default, as he has not shown either cause for said failure to raise the argument, or that he was prejudiced by any failure to inform him of the "knowing" element

10

of 18 U.S.C. § 922(g)(1), or that he is actually innocent of the offense for which he entered a guilty plea.

An appropriate Order will be entered.

Date: October 19, 2020         _s/ Noel L. Hillman_____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.